# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| MARISOL ALMANZA, INDIVIDUALLY AND AS NEXT FRIEND OF JESUS CRUZ-ALMANZA, ARMANDO CRUZ AND VICTORIA CRUZ | § § § § § | |
| JULIO GASPAR-ROSALES, INDIVIDUALLY AND AS NEXT FRIEND OF JULIO GASPAR, JR., SAMANTHA MARLENE GASPAR AND LILIANA GASPAR | § § § § § § | |
| JOSE R. RODRIGUEZ-ALMANZA, EMMANUEL BARRERA-DELGADO | § § § § | |
| **Plaintiffs** | § § | |
| VS. | § § | CIVIL ACTION NO. 6:23-cv-279_ |
| CITY OF TYLER, TEXAS, CHIEF OF POLICE, J. TOLER, OFFICER T.A. JENKINS, OFFICER J.C. MOORE, AND JOHN DOE OFFICERS #1-12 | § § § § § | JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

### INTRODUCTION

1.      Marisol Almanza, Individually And As Next Friend Of Jesus Cruz-Almanza, Armando Cruz And Victoria Cruz, Julio Gaspar-Rosales, Individually And As Next Friend Of Julio Gaspar, Jr., Samantha Marlene Gaspar And Liliana Gaspar, Jose R. Rodriguez-Almanza And Emmanuel Barrera-Delgado, (hereinafter "Plaintiffs"), bring this action to address violations of their civil rights, official oppression and for compensatory, exemplary and punitive damages

against Defendants, City of Tyler, Texas, Police Chief J. Toler, Officer T.A. Jenkins, Officer J.C. Moore and John Doe Officers #1-12. At all times material to this Complaint, all Defendants acted under color of the statutes, customs, ordinances, and usage of the City of Tyler, Texas, and the State of Texas. Plaintiffs were subjected to intentional wrongful arrest and malicious prosecution by Defendants.

2.      Defendants caused, jointly and severally, through customs and a pattern, practice and policy of wrongful prosecution, prosecutorial misconduct, a propensity to cover- up such actions, the dehumanizing affliction and emotionally debilitating incident which forms the basis of this lawsuit. The recognition, affirmation, and vindication of the Plaintiffs' civil rights and civil liberties as a United States citizen are sought by this action so as to dispel any future notions by Defendants that Plaintiffs, or any other United States citizen, can be so callously treated and punished, and denied their civil rights and civil liberties in contravention of federal constitutional rights and laws.

3.      This case is about the protection of civil rights and, more specifically, the right that society has always sought to protect -- the freedom of speech under the First Amendment and from wrongful prosecution under the Fourth and Fourteenth Amendments. Defendant Toler allowed this to happen to Plaintiffs by his failure to select, train, and supervise officers within the Tyler Police Department. Defendant Toler's failure to supervise and train his officers amounted to deliberate indifference towards Plaintiffs' Constitutional rights.

4.      Plaintiffs seek compensatory and punitive damages, to which they are entitled by law, in redress for the injuries sustained and resulting from the illegal actions of the Defendants.

## JURISDICTION AND VENUE

5. Jurisdiction is conferred on the Court by 28 U.S.C. § 1331 and § 1343. The recovery of damages is authorized by 42 U.S.C. §§1983, 1985(3) and 1988.

6. Venue is proper in this Court because Defendants are residents of and have their official offices in the Eastern District of Texas and all of the events giving rise to this suit occurred in this District pursuant to 28 U.S.C. §1391(a)(l) and (2).

## PARTIES

7. Plaintiffs are residents of Tyler, Smith County, Texas.

8. Defendant, City of Tyler, Texas, is a governmental subdivision of the State of Texas. Defendant, Police Chief Jimmy Toler, is the City of Tyler Police Chief. Defendants, Officer T.A. Jenkins, Officer J.C. Moore, and John Doe Officers #1-8 are all employed by the City of Tyler Police Department. The City of Tyler may be served through its City Manager, Ed Broussard at City Hall, 212 North Bonner, Tyler, Texas 75710. All Defendants working for the City of Tyler Police Department may be served at the City of Tyler Police Department at 711 West Ferguson, Tyler, Texas 75710.

9. All above delineated Officer Defendants are sued individually and in their official capacities as law enforcement officers employed by the Tyler, Texas Police Department. At all times material hereto, Defendants were acting as agents and representatives of the City of Tyler, Texas in the performance of their duties as police officers of the City of Tyler, Texas.

## FACTUAL BACKGROUND

10. On August 8, 2021 there was a disturbance at Hillside Park, 1111 E. Erwin St. in Tyler, Texas. In the course of attempting to arrest suspects in connection with the disturbance,

Numerous Tyler Police Officers rushed to a residence located at 127 East Gold Street in Tyler brandishing all manner of weapons, including assault rifles. Tyler Police arrested Jesus Cruz-Almanza, Jose Ramiro Rodriguez-Almanza, and Emmanuel Barrera-Delgado in connection with the Hillside Park disturbance without probable cause that they had committed any crime.

11. When the Defendant officers arrived at the residence, they did not knock. A child came outside and was grabbed by an officer. When the child screamed, the remainder of the Plaintiffs came out of the residence with weapons pointed at each Plaintiff.

12. Plaintiff Julio Gaspar-Rosales was restrained when he tried to call the family's attorney and officers confiscated his phone at the scene. Officers required all Plaintiffs to exit the premises at 127 East Gold while they "waited on a search warrant." From approximately 10:00 p.m. until 1:00 a.m. the Plaintiffs were not allowed to enter the residence and they were required to urinate outside. Plaintiffs were also refused permission to enter the residence to obtain clean diapers and cloths for the small children

13. None of the Plaintiffs were ever charged with an offense based on Texas law. As a result of these wrongful detentions, Plaintiffs have suffered extreme emotional distress and anxiety resulting from the incidents described above.

14. Plaintiffs never committed any offense, nor did any Plaintiff commit any act that could be considered a crime.

15. Defendant Toler knew or should have reasonably known of the falsity of the charges against Plaintiffs and such inaction resulted in Plaintiffs' constitutional rights being violated. All Defendants herein are aware of the ongoing methodology of the wrongful charges, official oppression, and civil rights violations against Plaintiffs by the police officers and the prosecutors involved in this case.

16. At the time of the event in question, Defendant Toler, through his intentional acts of malfeasance, omissions, neglect, and failure to select, train, supervise, discipline and prosecute his subordinate Officers, deprived Plaintiffs of their constitutional rights under the First, Fourth and Fourteenth Amendments of the Constitution of the United States and under 42 U.S.C. §§1983, 1985(3), and 1988.

17. Defendant Toler is guilty of wrongful hiring, training, supervising, disciplining, and maintaining public servants of the quality and character of the Officer Defendants. Defendant Toler is guilty of promulgating regulations, ordinances and policies that allow Defendants to disregard Plaintiffs' constitutional rights.   Defendant Toler is grossly negligent in entrusting the Officer Defendants with responsibility in the prosecution of this case and placing them in a position where they can create and cause such deprivation of rights and liberties, thereby endangering the citizens they were employed to protect by oath.

18. As a result of the violations of Plaintiffs' civil rights, privileges and immunities, equal protections of the laws and civil liberties, as set forth herein, and the wanton, reckless, and wrongful disregard of the safety and reputation by actions of Defendants herein, Plaintiffs have suffered severe anxiety, mental anguish, injuries, humiliation, loss of income, legal bills, present and future, as well as mental pain and suffering.

19. As a result of the above and foregoing conduct of Defendants, a citizen affronted by the misconduct alleged herein has suffered, and will continue to suffer, great mental anguish, anxiety, humiliation and emotional injuries, accompanied by pain and suffering, when an officer and/or prosecutor files false charges which is clearly protected by the United States Constitution.

20. Defendant Toler is liable for the conduct of Defendant officers while they are

acting within the course and scope of their employment. Defendant Toler instituted, authorized, ratified, and/or approved the conduct exhibited by the Police Department Defendants. Such conduct constituted the deprivation of the civil rights and civil liberties of the Plaintiffs. Additionally, Defendant Toler instituted policies which created and still create a climate in which the type of abusive behavior exhibited by said Defendants was allowed to occur. Defendant Toler, in effect, ratified and approved such behavior by failing to take appropriate training, supervision, and disciplinary measures, and by ignoring abusive conduct on the part of his officers, both prior to the event and thereafter. Additionally, Defendant Toler ratified and condoned the abusive behavior of his officers by failing to select, train, supervise, and institute appropriate disciplinary systems, suppressing citizen complaints, and by allowing this abusive behavior towards citizens who complain of wrongful prosecution by police to go unpunished. This official policy authorizing, ratifying, allowing and/or approving such abusive conduct is so common and settled so as to constitute a custom that fairly represents the policy of Defendant Toler, as Chief of Police of the Tyler, Texas police department.

21. At the time and place as above stated, all Police Officer Defendants were acting in their official capacities as police officers employed by the City of Tyler and by their intentional acts, under the color of authority, and official oppression, violated the civil rights of and caused injury to Plaintiffs and deprived Plaintiffs of their Constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and under 42 U.S.C. §§1983, 1985(3) and 1988.

22. As a direct causal result of the Defendants' illegal actions, Plaintiffs were required to employ the legal services of the Hommel Law Firm PC, for the prosecution of their claims

against all defendants, jointly and severally; a claim for which is made and authorized by law.

## CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

23. Plaintiffs re-allege and restates all of paragraphs of this Complaint and incorporates each of said paragraphs herein by reference. The Defendants had actual notice of the damages suffered by Plaintiffs. Any conditions precedent has occurred, been performed, or have been waived.

24. **42 U.S.C. § 1983.** Acting under the color of law, the Defendants have deprived Plaintiffs of the rights and privileges secured to Plaintiffs by the First, Fourth and Fourteenth Amendments to the United States Constitution and by other laws of the United States. They have falsely and intentionally detained without probable cause Plaintiffs for violations of law, and harassed, abused, and otherwise violated basic civil rights afforded all citizens in the United States.

25. By their actions and/or inactions as described above, Defendants have violated 42 U.S.C. § 1983 and the constitutional provisions cited therein. Specifically, Defendants detained all Plaintiffs without probable cause for any violation of the law.

26. All Defendants were aware that the actions of the Plaintiffs did not constitute any crime. The Defendants intentionally and knowingly detained the Plaintiffs despite Defendants' actual knowledge of the lack of probable cause to detain Plaintiffs.

27. As a direct and proximate result of the above-described actions of the individual Defendants and the City of Tyler, Plaintiffs were deprived of their rights as guaranteed by the First, Fourth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. §1983.

Specifically, by knowingly detaining Plaintiffs without probable cause, Defendants violated Plaintiffs' rights to substantive and procedural due process.

28. As a direct and proximate result of the above-described actions of the individual Defendants, Plaintiffs were deprived of their rights as guaranteed by the Constitution of the United States and 42 U.S.C. § 1983. These same acts of Defendants were a direct and proximate cause of the violations sustained by Plaintiffs under state law.

29. At all times relevant hereto, all Defendants as police officers of the City of Tyler Police Department, were acting under the direction and control of the City of Tyler which acted through its agents and employees who were responsible for making policy of the police department, its officers and operations, and all Defendants were acting pursuant to either official policy or the practice, custom, and usage of the City of Tyler and its police department. Acting under color of law, by and through the policy makers of the City and pursuant to official policy or custom and practice, the City of Tyler intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the City of Tyler and to the Plaintiffs, failed to instruct, supervise, control, and/or discipline, on a continuing basis, all Defendants in the performance of their duties to refrain from: Conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiffs by the Constitution and Laws of the United States and the Laws of the State of Texas, and otherwise depriving citizens and individuals of their constitutional and statutory rights, privileges, and immunities.

30. The City of Tyler had knowledge of, or had it diligently exercised its duties to instruct, train, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or unconstitutional acts,

were going to be committed. Defendant, the City of Tyler, had the power to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of the City of Tyler, failed or refused to do so.

31. Defendant, the City of Tyler, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants heretofore described.

## SECOND CLAIM FOR RELIEF

32. The allegations contained in all previous paragraphs are incorporated herein by reference the same as if fully set forth verbatim.

33. **42 U.S.C. §1985(3).** All Defendants conspired to deprive Plaintiffs of having and exercising any rights or privileges of a citizen of the United States for the purpose of achieving a malevolent plan in order to:

> Allege that Plaintiffs had committed the crime of assault based upon fabricated evidence known to all Defendants in retaliation for Plaintiffs' exercise of their First Amendment rights and in violation of their Fourth and Fourteenth Amendment rights.

## OBJECTIVE UNREASONABLENESS OF EACH DEFENDANT'S ACTIONS

34. Each of the defendants were fully aware of the facts surrounding the alleged incident at Hillside Park and that Plaintiffs did not commit any offense at Hillside Park. All Defendants were aware that the actions of Plaintiffs did not constitute a crime, and therefore the detention of Plaintiffs was without probable cause. Despite having actual knowledge that a crime had not been committed, Defendants chose to ignore this information and detain innocent individuals.

35. All Defendants knew or should have known that their actions in detaining Plaintiffs without probable cause was a violation of an individual's rights since such actions are anathema to the Constitution and the laws of the United States.

36. No defendant could have reasonably believed that detaining Plaintiffs without probable cause that they committed any criminal offense was an action consistent with Plaintiffs' rights under the United States Constitution.

37. **42 U.S.C. §1988.** Plaintiffs, pursuant to 42 U.S.C. § 1988, seek recovery of all reasonable and necessary attorneys' fees incurred in the prosecution of this lawsuit.

38. Plaintiffs request a trial by jury.

## PRAYER

WHEREFORE, Plaintiffs pray that Defendants be served with process and answer herein and that, upon a final hearing, the Court find for Plaintiffs against Defendants; that the Plaintiffs recover, jointly and severally, statutory compensatory damages and/or exemplary damages against each of the Defendants in an amount sufficient to punish each of the individual Defendants and that is sufficient to punish and/or to deter and make an example of those Defendants in order to prevent similar conduct in the future; reasonable and necessary attorneys' fees and expenses of litigation including experts fees, Court prejudgment and post judgment interest, and any other general relief.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
(903) 596-7100 Phone/Facsimile
bhommel@hommelfirm.com

ATTORNEY FOR PLAINTIFFS