IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MARISOL ALMANZA, *et al.* | § § | |
| vs. | § § | CASE NO. 6:23-cv-00279-JCB-KNM |
| CITY OF TYLER, TEXAS, *et al.* | § § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendants' Second Motion to Dismiss (ECF 17). The case is referred to the undersigned pursuant to 28 U.S.C. § 636. Having reviewed and considered the motion, response, and reply, the Court recommends that the motion be **granted in part and denied in part**.

**Background**

Plaintiffs Marisol Almanza, individually and as next friend of Jesus Cruz-Almanza, Armando Cruz, Victoria Cruz, Julio Gaspar-Rosales, individually and as next friend of Julio Gaspar, Jr., Samantha Marlene Gaspar, Liliana Gaspar, Jose R. Rodriguez-Almanza, and Emmanuel Barrera-Delgado initiated this lawsuit seeking relief pursuant to 42 U.S.C. §§ 1983, 1985 and 1988. Plaintiffs filed an amended complaint on August 23, 2023, against Defendants City of Tyler, Texas, Chief of Police J. Toler, Officer T.A. Jenkins, Officer N.L. Tilton, Officer T. Henson, Officer S.W. Crosby, Officer Z.P. Noble, Detective J. Roberts, Detective R.A. Main, Officer G.F. Edwards, and Sgt. E. Johnson. The amended complaint rendered Defendant's first motion to dismiss moot.[1]

---

[1] The amended complaint supersedes the original complaint and renders it a legal nullity. *Ultravision Technologies, LLC v. Eaton Corporation PLC*, 2019 WL 11250161, at *1 (E.D.Tex. Nov. 8, 2019) (citing *La. Fiber Corp. v. Fireman's Fund Ins. Co.*, 105 F.3d 655 (5th Cir. 1996). As a result, the filing of the amended complaint moots the earlier motion to dismiss directed at the original complaint "because no relief can be granted based upon the original complaint." *Id.*

1

Plaintiffs allege that the Tyler Police Department canvassed the north Tyler area on August 8, 2021, looking for a shooting suspect. Plaintiffs assert that police officers focused their effort on neighborhoods occupied by Hispanic families while looking for a suspect "believed to be driving a white Ford SUV with a sticker on the back glass."[2] Plaintiffs submit that Officer Tilton and Detective Main erroneously assumed that a white Ford SUV spotted at Plaintiffs' residence was connected to the shooting. As a result, Plaintiffs contend that numerous police officers rushed to their residence located at 127 East Gold Street in Tyler. Plaintiffs assert that officers "forced their way into the residence without a warrant," and forced everyone out at gunpoint.[3]

Plaintiffs submit that officers arrested Plaintiffs Jesus Cruz-Almanza, Jose Ramiro Rodriguez-Almanza, and Emmanuel Barrera-Delgado without a warrant and without probable cause to believe they had committed a crime. The remaining plaintiffs—Marisol Almanza, Armando Cruz, Victoria Cruz, Julio Gaspar-Rosales, Julio Gaspar, Jr., Samantha Marlene Gaspar, and Liliana Gaspar—assert that they were wrongfully detained outside of the home from approximately 10:00 p.m. to 1:00 a.m. while officers attempted to secure a search warrant for the residence. Plaintiffs complain that they were not permitted to enter the home to retrieve necessary items for the children or to use the restroom, and that Julio Gaspar-Rosales was restrained when he attempted to use his phone to call an attorney.[4]

Plaintiffs state that Officer Henson, Officer Tilton, Officer Noble, Officer Crosby, Officer Edwards, Detective Roberts and Sergeant Johnson all participated in detaining them. Officer Jenkins allegedly assisted in forcing entry into the home, forced the occupants out of the home, and ordered that Plaintiffs Jesus Cruz-Almanza, Jose Ramiro Rodriguez-Almanza, and

---

[2] Plaintiff's First Amended Complaint, ECF 10, at *4.
[3] *Id*.
[4] *Id*. at *5.

Emmanuel Barrera-Delgado be handcuffed, with Officer Henson and Officer Tilton participating in the arrest. Sergeant Johnson allegedly ordered that the handcuffed Plaintiffs be transferred to the police department.

Plaintiffs allege that Detective Roberts, together with Officer Crosby, conducted a warrantless search of the residence. Detective Roberts also allegedly interrogated the plaintiffs detained outside of the home and determined that none of them were associated with the park shooting. Similarly, Plaintiffs assert that Detective Main interrogated the plaintiffs who were handcuffed and transported to the police department and determined that none of them were involved in the park shooting.

Plaintiffs assert that Defendants' actions violated their constitutional rights and are indicative of "the ongoing methodology of the wrongful detention and arrest, official oppression, and civil rights violations against Plaintiffs by the police officers in this case."[5] Plaintiffs submit that the police officers' actions caused them to suffer extreme emotional distress and anxiety. Plaintiffs further argue that all defendants "knew or should have reasonably known of the falsity of the detention and arrests of the Plaintiffs and such inaction resulted in Plaintiffs' constitutional rights being violated."[6] Plaintiffs submit that Toler, as Chief of Police, is liable for wrongful hiring, training, and supervision of the involved police officers, and "is guilty of promulgating regulations, ordinances and policies that allow Defendants to disregard Plaintiffs' constitutional rights."[7] Further, Plaintiffs argue that Toler "is liable for the conduct of Defendant officers while they are acting within the course and scope of their employment."[8]

Defendants filed a Second Motion to Dismiss (ECF 17) seeking dismissal of the First Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which

---

[5] *Id*. at *7.
[6] *Id*.
[7] *Id*. at *8.
[8] *Id*.

3

relief can be granted. Defendants ask the Court to take judicial notice of excerpts from the official incident/investigation report prepared by the Tyler Police Department. The excerpts were not filed with the second motion to dismiss, but they are attached to the first motion to dismiss as Exhibit A. Defendants submit that the excerpts are public record. Defendants ask the Court to "take judicial notice of Exhibit A, but limit its judicial notice to the basic facts establishing context for Plaintiffs' claims."[9]

The individual defendants assert that qualified immunity shields them from Plaintiffs' unlawful detention and false arrest claims. They dispute that Plaintiffs Emmanuel Barrera Delgado, Jose Rodriguez, and Jesus Cruz Almanza were arrested. Instead, Defendants contend that they were detained and transported to the police department for questioning. They also submit that they had probable cause to detain them. As to the other plaintiffs, Defendants note that the complaint does not allege that they were prevented from leaving the premises, only that they were temporarily prohibited from entering the residence at issue. As a result, Defendants argue that they were not detained. Defendants submit that Plaintiffs' conspiracy claim is conclusory and does not state a claim pursuant to 42 U.S.C. § 1985(3). Defendant City of Tyler contends that Plaintiff has not alleged sufficient facts establishing municipal liability based on a pattern of unconstitutional conduct constituting customary policy. Chief Toler asserts that he is not vicariously liable for the actions of his subordinates and that Plaintiffs have merely put forth conclusory allegations of failure to train and failure to supervise or discipline.

In response, Plaintiffs assert that the motion to dismiss should be treated as a motion for summary judgment because of the documents submitted by Defendants with the motion. Plaintiffs further argue that a motion for summary judgment is premature at this stage of the proceedings. Plaintiffs also assert that the amended complaint "easily state[s]" a claim for false

---

[9] Defendants' Reply in Support of Second Motion to Dismiss, ECF 25, at *2.

arrest because they allege facts stating they were arrested without a warrant and without probable cause. Plaintiffs submit that a reasonable person in their position would have understood that their freedom was restrained, such that they were under arrest. Plaintiffs further argue that they have stated a claim for unlawful entry because Defendants entered their home without a warrant and in the absence of exigent circumstances justifying warrantless entry. Concerning their conspiracy claim, Plaintiffs submit that they have alleged facts stating a violation of § 1985(3). To the extent the amended complaint does not specifically identify all Plaintiffs as Hispanic, Plaintiffs seek leave to amend. Plaintiffs contend that the allegation that the individual officers entered the residence without a warrant is sufficient to show the failure and inadequacy of the City's and Chief Toler's training of police officers.

Defendants filed a reply brief agreeing that a motion for summary judgment is premature and requesting consideration of the motion to dismiss without the documents if judicial notice is not granted.[10] Defendants reassert that the plaintiffs alleging they were not permitted to enter the residence for three hours were not detained or subject to a "seizure" because they were always free to leave the premises. Defendants submit that Plaintiffs did not allege a race-based conspiracy in violation of § 1985(3) and should not be permitted to amend the complaint again, causing undue delay and wasting resources. Defendants again assert that Plaintiffs have not alleged facts of prior instances of unlawful detentions or false arrests, sufficient to allege a pattern or practice of unconstitutional conduct, and have only provided a conclusory allegation against Chief Toler.

---

[10] *Id*. at *3 ("In the alternative, if the Court declines to take such limited judicial notice, Defendants request that the Court rule on Defendants' Second Motion to Dismiss without considering Exhibit A because Defendants agree with Plaintiffs that a motion for summary judgment would be premature at this stage of the litigation.").

**Applicable Law**

When considering a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club, Inc*., 599 F.3d 458, 461 (5th Cir. 2010); *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 127 S.Ct. 1955, 1965–66 n. 5 (2007). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964–65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). "[W]here well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

Typically, a Rule 12(b)(6) motion cannot rely on evidence outside of the complaint. *C&C Inv. Props., L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 660 (5th Cir. 2016). If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(b)(d). A court is not required to convert the motion to dismiss to a motion for summary judgment, however, "if that evidence

is either (a) a document attached to the Rule 12(b)(6) motion, referred to in the complaint, and central to the plaintiff's claim; or (b) a matter subject to judicial notice under Federal Rule of Evidence 201." *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) (citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). Pursuant to FRE 201, a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

## Discussion and Analysis

*Judicial Notice*

Defendants assert that excerpts from the incident report are subject to judicial notice pursuant to FRE 201 because they are public record.[11] Publicly available documents that are matters of public record directly relevant to the issue at hand may be appropriate for judicial notice. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (holding that the court took appropriate judicial notice of publicly available FDA documents and transcripts) (citing *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007)). Examples of public records subject to judicial notice include prior court proceedings, published government agency rules and regulations, arbitration orders, court judgments and opinions, and published government agency filings. *See Ambler v. Williamson County, Texas*, 2021 WL 769667 (W.D.Tex. Feb. 25, 2021) (citing *Caha v. U.S.*, 211, 222 (1894); *Colonial Oaks Assisted Living Lafayette, L.L.C. v. Hannie Dev., Inc.*, 972 F3d. 684, 688 n.9 (5th Cir. 2020); *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020); and *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996); *see also In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019). Not all documents accessible to the public, however, are matters of public record for purposes of a motion to

---

[11] Defendants' Second Motion to Dismiss, ECF 17 at *9.

dismiss. *Engerat v. Quincy Bioscience, LLC*, 2019 WL 4962597, at *4 (W.D.Tex. Oct. 8, 2019) (quoting *In re Rockefeller Ctr. Props., Inc., Secs. Litig.*, 184 F.3d 280, 293–94 (3rd Cir. 1999)).

Here, the documents at issue include officer narratives concerning the events at issue. The documents have a notation at the top of each page stating, "the information below is confidential – for use by authorized personnel only."[12] Defendants assert that these documents are public record because they are "required by law to be kept, or necessary to be kept, in the discharge of a duty imposed by law or directed by law to serve as a memorial and evidence of something written, said, or done."[13] Defendants do not assert, however, that these documents are publicly available. "[P]ublic records, by definition, presume public access." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). Even if the documents are publicly available, the facts contained in the documents are the officers' version of what happened on the date in question. While the fact that an incident report exists could be public record, the accuracy of the statements and facts asserted within that report are subject to reasonable dispute, making them improper for judicial notice. *See Polnac v. City of Sulphur Springs*, 555 F.Supp.3d 309, 326 (E.D.Tex. Aug. 18, 2021) (holding that the contents of a 911 call report are improper for judicial notice and cannot be considered in a motion to dismiss). Defendants have not shown that these documents are publicly available or that the contents of the documents are proper for judicial notice. As a result, the Court declines to take judicial notice of the incident report documents.

*Qualified Immunity*

The individual defendants seek dismissal based on their asserted defense of qualified immunity. Qualified immunity is intended to shield government officials from liability for

---

[12] Defendants' Motion to Dismiss, ECF 6-1 (Exhibit A).
[13] Defendants' Second Motion to Dismiss, ECF 17, at *9 (citing *Polnac v. City of Sulphur Springs*, 555 F.Supp.3d 309, 326 (E.D.Tex. Aug. 18, 2021)).

monetary damages for acts in the performance of discretionary functions that were objectively reasonable in light of clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 2738 (1982); *Thompson v. Upshur County*, 245 F.3d 447, 456 (5th Cir. 2001). Qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985).

A plaintiff seeking to defeat qualified immunity must show that the official violated a statutory or constitutional right and that the right was clearly established at the time of the challenged conduct. *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc); *see also, McCreary v. Richardson*, 738 F.3d 651, 656 (5th Cir. 2013) (per curiam). To be clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034 (1987)). In other words, "would it be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 201–202, 121 S.Ct. 2151 (2001) (overruled in part by *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808 (2009)). In its discretion, the Court may determine which prong to evaluate first "in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. at 236, 129 S.Ct. at 818.

When a defendant moves for dismissal pursuant to Rule 12(b)(6) on the basis of qualified immunity, the inquiry is whether "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (quoting *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994–95 (5th Cir. 1995) (overruled on other grounds, *Carswell v. Camp*, 37 F.4th 1062 (5th Cir. 2022)). "[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the

reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Id*.

"Section 1983 claims implicating qualified immunity are subject to the same Rule 8 pleading standard set forth in *Twombly* and *Iqbal* as all other claims; an assertion of qualified immunity in a defendant's answer or motion to dismiss does not subject the complaint to a heightened pleading standard." *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020) (citing *Anderson v. Valdez*, 845 F.3d 580, 590 (5th Cir. 2016)). Stated differently, a plaintiff is only required to "plead qualified-immunity facts with the minimal specificity that would satisfy *Twombly* and *Iqbal*." *Id*. At its core, the issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2018).

### A. Unlawful Detention

Plaintiffs Marisol Almanza, Armando Cruz, Victoria Cruz, Julio Gaspar-Rosales, Julio Gaspar, Jr., Samantha Marlene Gaspar, and Liliana Gaspar allege that they were subjected to an unlawful detention. The Fourth Amendment protects against unreasonable seizures. U.S. CONST. amend. IV. To state a claim for unlawful detention, a plaintiff must allege: (1) a detention occurred; and (2) the detention was not based on reasonable suspicion supported by articulable facts that criminal activity was occurring. *Coons v. Lain*, 277 Fed.Appx. 467, 470 (5th Cir. 2008); *Harvey v. Montgomery County*, 881 F.Supp.2d 785, 806 (S.D.Tex. Apr. 30, 2012).

In the amended complaint, Plaintiffs allege that they were removed from their residence at gunpoint and they were not permitted to re-enter the residence while police officers sought a search warrant for the residence. Further, they assert that they "were detained against their will in the yard of their residence," "without probable cause to support the detention and without

being charged with a crime."[14]  Plaintiff Julio Gaspar-Rosales alleges that he was "restrained when he tried to call the family's attorney and officers confiscated his phone at the scene."[15]  Defendants' response disputes that a detention occurred and insists that Plaintiffs were free to leave at any time.

In the context of a motion to dismiss asserting qualified immunity, the inquiry concerns whether Plaintiffs "assert facts which, if true, would overcome the defense of qualified immunity." *Backe v. LeBlanc*, 691 F.3d at 648.  The ultimate issue is whether the complaint, viewed in the light most favorable to the plaintiff, states a valid claim for relief.  *Doe v. MySpace, Inc.*, 528 F.3d at 418.  Here, Plaintiffs have alleged sufficient facts stating that they were detained and that the detention was not based on a reasonable suspicion supported by articulable facts that criminal activity was occurring.  Plaintiffs allege that Defendants Henson, Tilton, Noble, Crosby, Edwards, Roberts and Johnson all participated in the detention and that Jenkins participated by forcing everyone outside of the home.  Defendants put forth a different version of events purporting to show that Plaintiffs were free to leave and that they were not detained.  At this stage of the proceedings, however, the issue is whether Plaintiffs pleaded a plausible claim for relief, not whether those facts have been or will be proven.  The Court does not resolve factual disputes on a motion to dismiss.  *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633, 119 S.Ct. 1661 (1999).  Viewing the allegations in the light most favorable to Plaintiffs, the amended complaint alleges facts that, if true, would overcome the defense of qualified immunity.

---

[14] Plaintiffs' First Amended Complaint, ECF 10, at *10.
[15] *Id*. at *5.

### B. False Arrest

Plaintiffs Jesus Cruz-Almanza, Jose Ramiro Rodriguez-Almanza, and Emmanuel Barrera-Delgado assert a claim for false arrest. In Texas, a peace officer with probable cause can arrest an individual without a warrant for any offense committed in his presence or within his view. TEX. CODE CRIM. PROC. ANN. ART. 14.01(b); *Hafford v. State*, 828 S.W.2d 275, 277 (Tex.App.—Ft Worth 1992, *writ ref'd*), *cert. denied*, 507 U.S. 931, 113 S.Ct. 1313 (1993); *Adkins v. State,* 764 S.W.2d 782, 785 (Tex.Crim.App. 1988). Probable cause exists if the facts and circumstances within the officer's knowledge were sufficient to warrant a prudent man to believe that the suspect had committed or was committing an offense. *Adkins*, 764 S.W.2d at 785. The officers are entitled to qualified immunity for the arrest if "a reasonable person in [his] position could have believed he had probable cause to arrest" Plaintiff. *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001) (citing *Goodson v. Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000).

Plaintiffs allege that they were placed in handcuffs and transported to the Tyler Police Department, where they were read their *Miranda* rights and interrogated. Plaintiffs submit that their warrantless arrests were not the product of probable cause. Instead, they submit that their arrests resulted from reliance by Defendants on merely a vague vehicle description, the fact that they are Hispanic, and an allegation that they were standing near a "problem house."[16] Plaintiffs allege that Defendants Jenkins, Johnson, Henson, Edwards, and Tilton each played a role in their arrests and Defendants Main and Roberts read the *Miranda* warning and interrogated them. Again, Defendants provide a different version of events. Defendants submit that these plaintiffs were detained and transported for questioning, as opposed to being arrested, and that additional facts show probable cause. As previously stated, the issue in the context of a motion to dismiss

---

[16] *Id*. at *4–5.

is whether Plaintiffs pleaded a plausible claim for relief, not whether those facts have been or will be proven. The Court must view the pleaded facts in the light most favorable to the plaintiff. Here, the pleaded facts, if true, state a claim that would overcome the defense of qualified immunity.

### C. Conspiracy

Plaintiffs assert a conspiracy claim pursuant to 42 U.S.C. § 1985(c). Stating a cognizable claim requires an allegation that "(1) a racial or class-based discriminatory animus lay behind the conspiracy and (2) the conspiracy aimed to violate rights protected against private infringement." *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001). The claim for relief in the amended complaint states, "[a]ll Defendants conspired to deprive Plaintiffs of having and exercising any rights or privileges of a citizen of the United States for the purpose of achieving a malevolent plan in order to: allege that Plaintiffs had committed the crime of aggravated assault based upon evidence known to all Defendants to be insufficient as a matter of law to establish probable cause that any Plaintiff had committed any crime."[17] The pleading also alleges that, in response to the shooting incident, Defendants searched neighborhoods "known to be occupied by Hispanic families."[18] Viewing the pleading in the light most favorable to Plaintiffs, they allege that Defendants conspired to violate their rights because they are non-citizens and/or Hispanic.

*Municipal and Supervisory Liability*

Plaintiffs allege that Defendants acted in their official capacity in the course and scope of their employment with City of Tyler, Texas, when they deprived them of their constitutional rights. Municipalities cannot be sued under § 1983 on a theory of vicarious liability for the actions of their employees; rather, an official policy must have caused the employee to violate another's constitutional rights. *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98

---

[17] *Id*. at *13–14.
[18] *Id*. at *4.

S.Ct. 2018, 2036 (1978). Municipal liability requires a policy maker, an official policy, and a violation of constitutional rights "whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Conclusory allegations are not sufficient to overcome dismissal pursuant to Rule 12(b)(6). *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

Plaintiffs do not identify an official policy of City of Tyler that caused an employee to violate their constitutional rights. Instead, Plaintiffs allege that the officers were employed by City of Tyler, the officers acted under the direction and control of City of Tyler, the officers "were acting pursuant to either official policy or the practice, custom, and usage of the City of Tyler and its police department," and City of Tyler knew or should have known unconstitutional acts were going to be committed and failed to prevent it from happening.[19]

As stated above, a municipality is not vicariously liable for the actions of its employees. Plaintiffs assert only a conclusory allegation that the actions of the officers resulted from an official policy, practice or custom. The facts that are alleged in the complaint pertain to alleged isolated unconstitutional conduct by the officers, as opposed to a pattern of conduct, which is insufficient to trigger municipal liability. *Piotrowski v. City of Houston*, 237 F.3d at 578. Plaintiff does not allege any facts that would show a "persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 168 (5th Cir. 2010). "A municipality may not be subject to liability merely for employing a tortfeasor," such liability "requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation." *Id*. at 166–67.

---

[19] Id. at *9, 12, and 13.

Similarly, supervisory officials such as Chief Toler are not liable under 42 U.S.C. § 1983 for the actions of their subordinates on any theory of vicarious liability or *respondeat superior*. *Estate of Davis ex. rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). A supervisor may be liable "if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Where, as here, a plaintiff alleges a failure to train or supervise, a plaintiff must show "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Estate of Davis ex. rel. McCully v. City of North Richland Hills,* 406 F.3d at 381. (quoting *Smith v. Brenoettsy*, 158 F.3d 908, 911–12 (5th Cir. 1998).

Plaintiffs include conclusory allegations that Chief Toler "allowed this to happen," failed to train or supervise, intentionally committed malfeasance and neglect, wrongfully hired, trained, supervised, and disciplined officers, promulgated regulations and policies that allowed officers to violate constitutional rights, was grossly negligent in entrusting the officers with responsibilities, created a climate for abusive behavior, and ratified the officers' behavior.[20] Plaintiffs expressly allege that Chief Toler "is liable for the conduct of Defendant officers while they are acting within the course and scope of their employment."[21]

As previously stated, Chief Toler does not bear supervisory liability for the actions of his subordinates. Further, stating a claim on the basis of a failure to train requires a plaintiff to allege facts showing that inadequate training procedures were adopted, with deliberate indifference, and that inadequate training directly caused the alleged injury. *See Speck v.*

---

[20] *Id*. at *2, 7, 8, and 9.
[21] *Id*. at *8.

*Wiginton*, 606 Fed.Appx. 733, 736 (5th Cir. 2015).  To survive a motion to dismiss, it is not enough to put forth a conclusory allegation that it is "apparent" from the facts of the case that training was insufficient.  *Id*.  Conclusory allegations are simply "not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. at 664, 129 S.Ct. 1937.  Plaintiffs failed to go beyond conclusory allegations and assert minimal facts to support a plausible claim against City of Tyler or Chief Toler.

## Conclusion

For these reasons, the second motion to dismiss should be granted in part and denied in part.  Plaintiffs failed to adequately state a claim against City of Tyler, Texas, and Chief Toler and those claims should be dismissed.  The motion should otherwise be denied.

## RECOMMENDATION

It is accordingly recommended that Defendants' Second Motion to Dismiss (ECF 17) be **GRANTED** in part and **DENIED** in part.  The motion should be granted as to City of Tyler and Chief Toler and denied as to the remaining defendants and claims.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b).  Written objections shall not exceed eight pages.  Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court.  *Douglass v. United Servs. Auto. Assn*., 79 F.3d 1415,

1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 8th day of March, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE