UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:23-cv-00279

———

**Marisol Almanza et al.**
*Plaintiffs,*

v.

**City of Tyler, Texas, et al.,**
*Defendants.*

———

**ORDER**

Plaintiffs filed this action seeking relief pursuant to 42 U.S.C. §§ 1983, 1985, and 1988. Doc. 1. On March 8, 2023, the magistrate judge issued a report recommending that defendants' second motion to dismiss be granted in part and denied in part. Doc. 26. No party filed written objections.

When a party fails to object to a magistrate judge's report, the court reviews the record only for clear error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996). Having reviewed the report and recommendation, the court accepts the report in part. Defendants' motion to dismiss as to the § 1983 and § 1985(3) claims against the City of Tyler and Chief Toler is granted. Because no claims remain against the City of Tyler and Chief Toler, the clerk of court is directed to terminate those defendants from the docket.

The court also accepts the report and denies defendants' motion to dismiss as to the § 1983 claims against the officer defendants. Although the motion to dismiss as to those claims is denied, that ruling is based only on the factual record established by the complaint. Defendants remain free to add facts to the record for purposes of invoking the qualified-immunity defense on summary judgment, including facts bearing on (1) how close the white SUV was to the park where the shooting occurred, and the time that elapsed between the report of the shooting and the arrest; (2) the number of persons reported to have left the park with the shooter, and how that compares to the number of persons arrested; (3) the sex of the persons arrested

compared to the sex of the reported shooter group; (4) whether the persons arrested were found together, matching any report of a group at the shooting; (5) how close the persons arrested were to the SUV matching the description of the one leaving the shooting; and (6) any other facts bearing on particularized reasons to believe that defendants had committed an offense.

The court does not accept, however, the report's finding that plaintiffs plausibly allege a § 1985(3) conspiracy claim against the officer defendants. *See* Doc. 26 at 13; *Konan v. U.S. Postal Serv.*, 96 F.4th 799, 805 (5th Cir. 2024) (noting that the intracorporate-conspiracy doctrine "precludes plaintiffs from bringing conspiracy claims against multiple defendants employed by the same governmental entity"). Accordingly, defendants' motion to dismiss as to those claims is granted, and the § 1985(3) conspiracy claims against the officer defendants are dismissed.

*So ordered by the court on August 16, 2024.*

J. Campbell Barker
United States District Judge